IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00168-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KAREN MC CLAFLIN,

      Defendant.

_____

**STATUS AND MOTION RECONSIDER COURT ORDER TO
SELF-SURRENDER ON FRIDAY, JANUARY 18, 2019**
_____

Karen McClaflin, though counsel, submits the following status of this case and moves this Court to reconsider it's order for her self-surrender to the Bureau of Prisons on Friday, January 18, 2019.

**STATUS**

On June 1, 2018, Ms. McClaflin was ordered to self-surrender to the Federal Correctional Institution Satellite Camp in Phoenix, Arizona by noon on Tuesday, June 19, 2018 (Doc. #48). After undergoing surgical procedures on June 1 and June 4, 2018 to address an ongoing and serious infection that has prevented her from receiving a new replacement hip, Ms. McClaflin filed a (pro bono) motion to stay the execution of the self-surrender order (Doc. #53), which was granted on June 14, 2018. As the result of more medical complications and surgical procedures, additional pro bono motions were filed and the self-surrender date was stayed until Friday, January 18, 2019.

1

Ms. McClaflin has undergone approximately 14 surgical procedures since 2013. In 2014, she underwent a two-stage revision total hip replacement. In 2017, she had two debridements with polyethylene and femoral head exchange. She has undergone surgeries in March, 2018, August 2018, and as recently as December 20, 2018.

On October 5, 2018, the Court issued an order requiring that "counsel be prepared to provide in-court testimony by Defendant's doctors and a representative of the BOP. The government is DIRECTED to consult with the BOP with respect to whether the BOP can provide the needed medical treatment and file a report with the Court no later than November 26, 2018 (Doc. #45).

On January 14, 2019, the Court heard the testimony of two of Ms. McClaflin's doctors. Dr. Todd Miner, a specialist in hip replacement, testified that all of the remaining artificial parts of Ms. McClaflin's hip were removed on December 20, 2019. This was Ms. McClaflin's approximately 14th surgery since 2013. Dr. Miner testified that only soft tissue and ligament connect Ms. McClaflin's thigh to her hip area at this point in time. Dr. Miner also testified that the infection seemed to be improving but that extra time would be required to determine whether and when Ms. McClaflin might be able to have another hip replacement surgery.

Dr. Peter Brookmeyer, an infectious disease specialist testified to the ongoing and complex nature of the deep tissue infection that has plagued McClaflin over the last several years. He explained that the antibiotic spacer has been removed, and that Ms. McClaflin receives a combination of intravenous antibiotics through a Peripherally Inserted Central Catheter, or PICC line. Dr. Brookmeyer testified that he has had a number of experiences with patients who were transferred from his care to another

entity, including prison entities such as the Colorado Department of Corrections and the Bureau of Prisons facilities at the Florence Correctional Complex.  It is counsel's recollection that Dr. Brookmeyer testified that the receiving agency almost always made mistakes in providing the correct antibiotics, the correct combination of antibiotics and/or the correct dosages.  Dr. Brookmeyer also testified that more often than not the receiving agency did not respond and maintain appropriate communication with him after the transfer.  Dr. Brookmeyer testified that delivery of the antibiotics through a PICC line is not a simple procedure and requires someone with specific training.  Dr. Brookmeyer testified that if the infection were left untreated it could spread and become life threatening.  Dr. Brookmeyer testified that he did not know anyone in the Colorado Springs area who had the specific skill-set to continue the treatments, and he did not know if anyone in the Bureau of Prisons has the necessary skill-set.  As of January 14, 2019, it appears that the infection is being treated successfully; however, bot doctors testified that additional time was needed to determine if the antibiotic treatments will ultimately be successful.

The government did not provide in-court testimony from a representative despite the Court's order.  The Court relied upon a report written by Dr. Paul Harvey to Assistant United States Attorney Pegeen Rhyne date October 29, 2018.  Dr. Harvey is the medical director for the BOP's North Central Region.  He is also serving as the clinical director for AUSP Thomson, Illinois and FCI Waseca, Minnesota which currently have no clinical director or chief medical officer.  Dr. Harvey noted that Ms. McClaflin "will likely be categorized as a CARE Level 4 inmate and her initial designation will likely be at FMC Carswell.

3

Critically important in Dr. Harvey's letter is his recommendation that Ms. McClaflin "continue treatment for her infection for 120-to-180 days from now to allow sufficient time to eradicate the infection and to identify additional plans for the replacement of hardware, unless she improves earlier..." Obviously, Dr. Harvey was not present for the testimony from Dr. Miner and Dr. Brookmeyer. Dr. Harvey has not been made aware that Ms. McClaflin has another surgery on December 20, 2019. Nonetheless, Dr. Harvey justified the additional time "to resolve this active medical problem prior to her arrival to the BOP" in order to "reduce health risks for Ms. McClaflin, as well as eliminating the time gap that would ensue to allow BOP to duplicate a current plan of care by seeking new multiple consultants (Infectious Disease, Vascular and/or General Surgery, Orthopedic Surgery) and repeating multiple imaging studies (CT Scans, MRI), which are now underway in the community." Obviously, Ms. McClaflin was not able to examine Dr. Harvey and is therefore unable to determine if Dr. Harvey's opinions would be any different given the December 20, 2018 surgery and the Testimony of Dr. Miner and Dr. Brookmeyer.

The self surrender order Ms. McClaflin received order her to report to the Federal Correctional Institution Satellite Camp, Phoenix, AZ. (Doc. #48). Neither Ms. McClaflin nor her counsel have received any additional information from the Court as to a change of designation.

Ms. Rhyne has communicated that the BOP needs updated medical records. Counsel for Ms. McClaflin has contacted the doctors and Ms. McClaflin is in the process of executing the appropriate releases so that the records can be transferred to the appropriate BOP personnel, whoever they may be (counsel has not been provided with

4

the specific names of any medical personnel or facility as of the time this motion is filed).

To complicate things further, the United State government is in the third week of a partial shutdown.

**MOTION TO RECONSIDER COURT ORDER TO SELF-SURRENDER ON FRIDAY, JANUARY 18, 2019**

The Court's order dated October 5, 2018 (Doc. #66) indicated that the Court had questions whether or not it has jurisdiction.  This appears to be related to the fact that Ms. McClaflin's case in now on appeal in the Tenth Circuit (*United States v. McClaflin, 18-1217*), although the Court has also indicated that it is unsure if it has *authority* to continue the stay of the self-surrender order, even for an additional four to eight weeks with which the Bureau of Prisons agrees.  In this regard, the Court has cited two district court opinions: *United States v. Connelly*, 2018 WL 6309052 (U.S.Dist.Ct. D. Conn.) and *United States v. Bolton*, 2017 WL 1652588.

In *United States v. Connelly*, Mr. Connelly filed an expedited motion for bailing pending appeal pursuant to 18 U.S.C. 3143 or, in the alternative, for a designation to a BOP medical facility.  As stated in the opinion, Mr. Connelly initially filed the motion in the appellate court when it should have been filed in the district court.  The government objected and the motion was re-filed in the district court.  The district court denied the motion on the ground the Mr. Connelly failed to show that his appeal raised a substantial question of law or fact likely to result in reversal, new trial, a sentence of non-imprisonment, or a reduced sentence.  His ground for bail appeared to be the risk of injury if he fell, was in an altercation, or was assigned heavy physical work.  It is clear

5

that the grounds for relief were based on hypothetical issues and that there was no clear medical emergency at the time. Ms. McClaflin in, stark contrast, has shown documented proof of an ongoing series of deep tissue infections and surgical procedures, and that there is a significant risk to her health and life.

It is important to note that the Court in this case actually questioned whether Ms. McClaflin's medical issues were serious. In its May 7, 2018, minute order denying Ms. McClaflin's motion to continue sentencing (Doc. #33), the Court stated: "the Court notes that sentencing has been delayed for almost a year and that Defendant does not allege, *nor does any evidence support*, that Defendant requires a major procedure in the imminent future." (Emphasis added). In fact, Ms. McClaflin has undergone three major procedures since May 7, 2018. Ms. McClaflin's physical condition has changed significantly since that time and the Court has been provided with detailed reports and expert medical testimony for a thorough discussion of the complications and ongoing surgical and infectious disease issues.

In *United States v. Bolton,* the trial court found that the defendants engaged in an intentional pattern of delay, and that their medical conditions were not so serious as to necessitate a stay of their self-surrender dates. There does not appear to be any description of the medical condition(s) that were claimed necessary to justify a stay.

No one disputes that self-surrender is a privilege. However, that is not the issue in this case. The issue is whether this Court has authority to stay the self-surrender order. Neither of the court opinions in *Connelly* or *Bolton* suggest that there is no authority to stay a self-surrender order. In both of those cases, the requests came in at the last minute or were clearly described as efforts to delay execution of the sentences

while lacking valid grounds.

Ms. McClaflin has demonstrated through evidentiary exhibits and expert medical testimony that her condition is serious and that she continues to suffer a complex deep tissue infection that has required intense intravenous antibiotic injections over the course of the last several years. She has presented evidence that her thigh is barely connected to the rest of her body. She has provided uncontroverted evidence that there is a significant risk that she could be given the wrong course of treatment with the wrong set of antibiotics. Even Dr. Harvey, the BOP doctor who did not provide in court testimony, agreed in his letter that the far better procedure is to stay the imposition of sentence to give the doctors enough time to determine whether or not the latest surgery and round of intravenous antibiotics will be successful, given the serious and potentially life threatening health risks.

In its January 14, 2019 minute order, the Court has ordered simultaneous briefing regarding its authority (as opposed to jurisdiction) to stay the self-surrender date of January 18, 2019. The United States Code, 18 U.S.C 3141(a)(1) provides such authority. In fact, that is presumably the authority under which the Court continued Ms. McClaflin's bond pending sentencing. The statute does not limit the power of the court to allow release pending the imposition of sentence; instead, the court is authorized to allow the defendant to be released "while awaiting imposition *or execution* of sentence..." The qualifier is whether the defendant is likely to flee or pose a danger to the safety to any other person or the community; Ms. McClaflin, who can barely walk and is now using a wheelchair, is not likely to flee or pose a danger to anyone. To the extent that Ms. McClaflin is required to show that her appeal is not frivolous and is not

for the purpose of delay, the parties are referred to the opening brief on appeal. Notwithstanding the fact that jurisdiction has passed to the court of appeals, both 18 U.S.C. 3148 and FRCrP 38(c) contemplate that the initial determination of whether a convicted defendant is to be released pending the appeal is to be made by the district court.

In order to make this record as complete as possible, counsel for Ms. McClaflin received an order to self-surrender to FMC Carswell on January 16, 2019 AT 9:16 a.m. Ms. McClaflin has just over 48 hours to comply with the order. To force Ms. McClaflin to surrender to any BOP facility at this time, when her infection continues and her doctors who have treated her for years have testified that there is a medical risk in transporting her to prison, when plans and procedures have not been completed, and when the BOP's own expert recommends waiting, would also constitute a violation of her rights to avoid cruel and unusual punishment under the Eighth Amendment.

WHEREFORE, Ms. McClaflin moves to continue the stay of her self-surrender order for six to eight weeks.

Respectfully submitted,

*s/ Thomas J. Hammond*
Thomas J. Hammond
Thomas J. Hammond, P.C.
1544 Race Street
Denver, Colorado 80206
303-321-7902
Fax: (303)329-5871
Email: hammondlaw@solucian.com

Attorney for Karen McClaflin

8

## CERTIFICATE OF SERVICE

   I hereby certify that on January 16, 2019,  I electronically filed  the foregoing **STATUS AND MOTION RECONSIDER COURT ORDER TO  SELF-SURRENDER ON FRIDAY, JANUARY 18, 2019** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the appropriate parties.

*s/ Thomas J. Hammond*
Thomas J. Hammond