IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-cr-00168-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    KAREN LYNN MCCLAFLIN,

    Defendant,
_____

GOVERNMENT'S BRIEF REGARDING WHETHER THE COURT HAS AUTHORITY
TO STAY THE DEFENANT'S SURRENDER DATE
_____

THE UNITED STATES OF AMERICA, through Assistant United States Attorney Pegeen D. Rhyne, hereby submits the Government's Brief Regarding Whether the Court has Authority to Stay the Defendant's Surrender Date.

On May 17, 2017, Ms. McClaflin was charged by Information with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1957. [Doc. # 1]. On June 21, 2017, she pled guilty to both counts. [Doc. # 11]. On May 10, 2018, Ms. McClaflin was sentenced to 96 months of imprisonment. [Doc. # 40 at pg. 2]. On May 17, 2018, Ms. McClaflin filed a Notice of Appeal. [Doc. # 42]. Ms. McClaflin did not file a motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1).

Ms. McClaflin was initially ordered to self-surrender on June 19, 2018, to the Federal Correctional Institution Satellite Camp, Phoenix, Arizona. [Doc. # 48]. On June 14, 2018, Ms. McCaflin filed a motion to stay her surrender date based on medical

issues, which were described in detail in the motion and will not be repeated here. [Doc. # 53]. On June 14, 2018, the Court granted Ms. McClaflin's motion and ordered that she self-surrender by October 17, 2018. [Doc. # 56]. The Court stated that no further stays would be granted absent an emergency. [*Id.*]. On October 17, 2018, Ms. McClaflin filed her second motion to stay her surrender date based on her ongoing medical issues. [Doc. # 65]. The Court expressed concerns about whether it had jurisdiction in this matter, but it granted the motion due to the seriousness of the issues raised by Ms. McClaflin. [Doc. # 66]. The Court also set a hearing so that it could hear testimony about Ms. McClaflin's health. [*Id.*]. Ultimately, that hearing took place on January 14, 2019.

At the January 14, 2019, hearing, the Court renewed its concern that it had no authority to grant Ms. McClaflin's request to stay her surrender date based on her ongoing medical issues. The Court cited *United States v. Connelly,* 2018 WL 6309052 (D. Conn. 2018) and *United States v. Bolton*, 2017 WL 1652588 (S.D. Miss. 2017) as suggesting that the Court had no such authority. The Court directed the parties to research the issue of whether the Court has authority to grant the requested stay and to file briefs on this issue by noon on Wednesday, January 16, 2019.

Based on its research, the government does not believe that the Court has the authority to grant a stay of a defendant's surrender date based on medical issues. Whether a convicted person can remain on bail pending their appeal is governed by The Bail Reform Act, specifically 18 U.S.C. § 3143(b). 18 U.S.C. § 3143(b); *see also Connelly,* 2018 WL 6309052, *1; *Bolton*, 2017 WL 1652588, *5. Under this statute, a convicted person who was sentenced to imprisonment and who filed an appeal "shall"

be detained unless the judicial officer finds that (a) the person is not a flight risk or a danger to the community and (b) the person's appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence for a term of less time than the duration of the appeal process.   18 U.S.C. § 3143(b)(1).   A "substantial question" of law or fact is "one of more substance than would be necessary to a finding that it was not frivolous."   *United States v. Farr*, 457 Fed.Appx. 757, 758 (10th Cir. 2012) (unpublished), *citing United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc).   It is "a close question or one that very well could be decided the other way."   *Id.*   This statute places the burden of proof on the defendant.   *Affleck*, 765 F.2d at 960.   Ms. McClaflin has made no attempt to meet her burden under this statute.   Instead, she asks the Court to stay her surrender date based only on her medical issues.

The government has been unable to find any other source of authority pursuant to which a district court can allow a convicted person who has been sentenced to imprisonment to remain out of custody while her appeal is pending.   As the Court noted at the January 14, 2019, hearing, both the *Connelly* and *Bolton* cases dealt with requests to stay surrender dates based on a defendant's medical issues. *See Connelly*, 2018 WL 6309052, *3; *Bolton*, 2017 WL 1652588, *5.   In both cases, the district courts determined that they had no authority to grant the requested relief.   *Id.*   Likewise, in an unpublished order, the Tenth Circuit recently denied a request for bail pending appeal that was largely based on the defendant's significant health issues because the defendant failed to identify the requisite "substantial question of fact or law" that would

be raised on appeal.   [*See* Order in *United States v. Coddington*, 18-1470 (10th Cir. 2019), attached here to as Exhibit 1].   The Tenth Circuit stated, "While we are sympathetic to [the defendant's] health issues, he has failed to meet the standard for release pending appeal in § 3143(b)(1)(B)."   [*Id.* at pg. 2].   It appears that Ms. McClaflin is in the same situation.

Notwithstanding the government's position above, the government informs the Court that the Bureau of Prisons would prefer some additional time to facilitate the smooth transition of Ms. McClaflin's medical care.   The Bureau of Prisons is doing its best to be prepared for Ms. McClaflin's surrender on Friday, January 18, 2019. However, it has not yet received Ms. McClaflin's current medical records.   I understand that defense counsel is working on that.   Additionally, undersigned counsel has been informed that a physician at FMC Carsell has spoken to Dr. Brookmeyer and was attempting to reach Dr. Miner.

Respectfully submitted this 16th day of January, 2019.

               JASON R. DUNN
               United States Attorney

               By:*s/Pegeen D. Rhyne*
               PEGEEN D. RHYNE
               Assistant U.S. Attorney
               1801 California, Suite 1600
               Denver, Colorado 80202
               (303) 454-0100
               (303) 454-0409 (fax)
               Pegeen.Rhyne@usdoj.gov
               Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, I electronically filed the foregoing GOVERNMENT'S BRIEF REGARDING WHETHER THE COURT HAS AUTHORITY TO STAY THE DEFENANT'S SURRENDER DATE using the CM/ECF system, which will send notifications of such filing to all participants in this matter.

*s/ Dee Boucher*
United States Attorney's Office