FILED
United States Court of Appeals
Tenth Circuit

January 4, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 18-1470 |
| DANIEL DIRK CODDINGTON, | (D.C. No. 1:15-CR-00383-RBJ-1) (D. Colo.) |
| Defendant - Appellant. | |

_____

**ORDER**
_____

Before **HOLMES** and **CARSON**, Circuit Judges.
_____

Daniel Dirk Coddington was convicted after a jury trial of thirteen counts of wire fraud and two counts of securities fraud. In November 2018, he was sentenced to serve 120 months in prison. Mr. Coddington is not currently in custody, but he is scheduled to self-surrender to the Federal Correctional Institution in Butner, North Carolina on Tuesday, January 8, 2019, to begin serving his sentence.

On December 20, 2018, Mr. Coddington filed a motion to stay sentence and for release pending appeal. This court notified Mr. Coddington the next day that he needed to file a Memorandum Brief and Appendix that complied with 10th Cir. R. 9.2. On Mr. Coddington's motion, this court also terminated from the case his trial attorneys that had filed the initial motion for release pending appeal and appointed new appellate counsel. Mr. Coddington's new attorney then filed a motion asking this court to accept

the previously filed motion to stay sentence and for release pending appeal as his bail memorandum brief and appendix in order to save time and resources. We grant that motion and proceed to consider Mr. Coddington's request for release pending appeal.

In his motion, Mr. Coddington discusses at length his significant health issues, how he is not a danger to the community or a flight risk, and how his request for release meets the traditional stay factors in 10th Cir. R. 8.1. But release in a criminal case after a judgment of conviction is not governed by the stay factors in 10th Cir. R. 8.1; instead, such a request is governed by Fed. R. App. P. 9 and 18 U.S.C. § 3143(b). While we are sympathetic to Mr. Coddington's health issues, he has failed to meet the standard for release pending appeal in § 3143(b)(1)(B). Under that statutory provision, he must be detained unless his appeal:

> raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

§ 3143(b)(1)(B). While he makes the conclusory assertion that he has "many meritorious claims to bring on appeal," Mot. at 12, he does not identify any issue that meets the criteria in § 3143(b)(1)(B). We must make our decision regarding release in accordance with the applicable provisions in § 3143. *See* Fed. R. App. P. 9(c). Accordingly, we deny Mr. Coddington's motion for release pending appeal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk